UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

AARON JACKSON,

        Plaintiff,                    Case No. 1:14-cv-837

v.                                             Honorable Paul L. Maloney

DANIEL H. HEYNS et al.,

        Defendants.
_____/

## **OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed because his allegations either fail to state a claim or are frivolous.

**Factual Allegations**

Plaintiff Aaron Jackson presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Macomb Correctional Facility, though at the time he filed his complaint, he was housed at the Richard A. Handlon Correctional Facility (MTU).  He sues MDOC Director Daniel H. Heyns; MDOC Director of Mental Health Services M. Davis; MTU Warden DeWayne Burton; MTU Deputy Shawn Young; and Huron Valley Men's Facility Warden Jerry Hoffmeir.

Plaintiff alleges that Defendants Heyns and Hoffmeir allowed Correctional Officer Allen (not a named Defendant) to take $3,750.00 of property from Plaintiff, because Plaintiff had punched an officer in the nose while the officer attempted to break up a fight between Plaintiff and another inmate.  In addition to his property claim, Petitioner makes a series of apparently delusional allegations.

First, he contends that Defendants Heyns and Burton allowed Defendant Young to continuously put aliens in his cell and his bed.  Petitioner states that, on July 26, 2014, Defendant Young "had Alien jump on the end of my bed were my head lay and the Alien put his head on my head were our heads went in to one another and I saw his black face with his eyes looking me in the eyes." (Compl., docket #1, Page ID#8.)  Plaintiff asserts that "[t]he Alien said Young said for him to do it expose his self to me." (*Id.*)

Next, Plaintiff alleges that Defendants Heyns and Hoffmeir put some kind of living organism in his food that moved around in his intestines.  According to the complaint, after Plaintiff completed a bowel movement one day, "something came out of my butt as I'm sitting there and when back up my anus and rectum and I was scare is hell . . . ."  Plaintiff also alleges that Defendants

- 2 -

Heyns and Hoffmeir put another organism into his body that makes what he eats "come together" to form a variety of things, such as small bags. (*Id.* at 12.) Further, Plaintiff alleges that the organism gets into his femoral arteries and slows down blood flow, causing his leg muscles not to grow, despite his working out. (*Id.* at 13.)

In addition, Plaintiff complains that Defendants Heyns and Burton have been experimenting on Plaintiff by putting a wafer-thin microchip into his brain, through the auspices of an alien. The microchip apparently allows Defendants to discern everything that Plaintiff has ever done and everything he is thinking. The microchip allegedly gives off meningitis and causes Plaintiff to experience headache and memory loss.

## Discussion

### I.     Failure to state a claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than

a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff appears to claim that Defendants Heyns and Hoffmeir allowed a correctional officer to take Plaintiff's property without due process of law. Plaintiff fails to state a claim for two reasons.

First, Plaintiff's due process claim is barred by the doctrine of *Parratt v. Taylor*, 451 U.S. 527 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Under *Parratt*, a person deprived of property by a "random and unauthorized act" of a state employee has no federal due process claim unless the state fails to afford an adequate post-deprivation remedy. If an adequate post-deprivation remedy exists, the deprivation, although real, is not "without due process of law." *Parratt*, 451 U.S. at 537. This rule applies to both negligent and intentional deprivation of property,

as long as the deprivation was not done pursuant to an established state procedure. *See Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984). Because Plaintiff's claim is premised upon allegedly unauthorized acts of a state official, he must plead and prove the inadequacy of state post-deprivation remedies. *See Copeland v. Machulis*, 57 F.3d 476, 479-80 (6th Cir. 1995); *Gibbs v. Hopkins*, 10 F.3d 373, 378 (6th Cir. 1993). Under settled Sixth Circuit authority, a prisoner's failure to sustain this burden requires dismissal of his § 1983 due-process action. *See Brooks v. Dutton*, 751 F.2d 197 (6th Cir. 1985).

Plaintiff has not sustained his burden in this case. Plaintiff has not alleged that state post-deprivation remedies are inadequate. Moreover, numerous state post-deprivation remedies are available to him. First, a prisoner who incurs a loss through no fault of his own may petition the institution's Prisoner Benefit Fund for compensation. MICH. DEP'T OF CORR., Policy Directive 04.07.112, ¶ B (effective Dec. 12, 2013). Aggrieved prisoners may also submit claims for property loss of less than $1,000 to the State Administrative Board. MICH. COMP. LAWS § 600.6419; MDOC Policy Directive 03.02.131 (effective Oct. 21, 2013). Alternatively, Michigan law authorizes actions in the Court of Claims asserting tort or contract claims "against the state and any of its departments, commissions, boards, institutions, arms, or agencies." MICH. COMP. LAWS § 600.6419(1)(a). The Sixth Circuit specifically has held that Michigan provides adequate post-deprivation remedies for deprivation of property. *See Copeland*, 57 F.3d at 480. Plaintiff does not allege any reason why a state-court action would not afford him complete relief for the deprivation, either negligent or intentional, of his personal property.

Second, Plaintiff's allegations against Defendants Heyns and Hoffmeir rest on their failure to prevent one of their subordinates from taking his property. Government officials may not

be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Plaintiff has failed to allege that Defendants Heyns and Hoffmeir engaged in any active unconstitutional behavior with respect to his property. He therefore fails to state a due process claim against them.

      II.     Frivolousness

A claim may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. The Court has the "unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims

whose factual contentions are clearly baseless." *Id.*, 490 U.S. at 327. "A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners of their access to mail or that a genie granted a warden's wish to deny prisoners any access to legal texts. *See Neitzke*, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1198-99. An *in forma pauperis* complaint may not be dismissed, however, merely because the court believes that the plaintiff's allegations are unlikely. *Id.*

The remainder of Plaintiff's allegations lack a rational basis in fact. Plaintiff alleges that Defendants have placed aliens in his cell, placed a microchip in his brain, and introduced organisms into his system that combine to create creatures that emerge from his rectum, form bags throughout his body, and alter the blood-flow to his legs, preventing muscle development. Such allegations are patently irrational. Accordingly, the Court will dismiss Plaintiff's action because it is frivolous. *See Burnes v. Clinton*, No. 00-3208, 2000 WL 1800510, at *1 (6th Cir. Nov. 30, 2000) (complaint alleging that President Clinton and various other high-ranking federal officials were subjecting her to electronic surveillance, mind-reading, and remote torture due to her bisexuality was properly dismissed as frivolous); *Graves v. Cohen*, No. 99-4476, 2000 WL 1720647, at *1 (6th Cir. Nov. 7, 2000) (plaintiff's claim concerning the AIDS virus being injected into the American population by the Pentagon was properly dismissed as frivolous); *Dowell v. Tennessee*, No. 92-6125, 1993 WL 169052, at *1 (6th Cir. May 18, 1993) (affirming district court's dismissal of claims of conspiracy to inflict emotional distress as fantastic and delusional).

**Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), because his allegations either fail to state a claim or are frivolous.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $505.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $505.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated:  September 10, 2014                      /s/ Paul L. Maloney
                                                                           Paul L. Maloney
                                                                           Chief United States District Judge